IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR12-3011 |
| vs. | STIPULATED DISCOVERY ORDER |
| MICHAEL GOODALE, | |
| Defendant. | |

At the time of arraignment or initial appearance the following discovery obligations have been agreed to by the parties and the Court so ORDERS such compliance.

1. The United States will include in its expanded discovery file or otherwise make available law enforcement reports (excluding evaluative material of matters such as possible defenses and legal strategies), grand jury testimony and evidence or existing summaries of evidence in the custody of the United States Attorney's Office which provide the basis for the case against the defendant. The file will include Rule 16, *Brady*, and Jencks Act materials of which the United States Attorney's Office is aware and possesses. Should the defendant become aware of any *Brady* material not contained in the expanded discovery file, defendant will notify the United States Attorney's Office of such materials in order that the information may be obtained.

2. The United States may redact or withhold information from the expanded discovery file for security concerns or to protect an ongoing investigation. This does not preclude the defendant from requesting in camera review of such material by the court, upon proper showing, in order to determine whether or not it should be disclosed in accordance with Fed. R. Crim. P. 16. Where the United States withholds information from the expanded discovery file, notice of the withholding along with a general

description of the type of material withheld will be included in the expanded discovery file. The expanded discovery file will also not contain evidence which the United States has decided to use for impeachment of defense witnesses or rebuttal evidence. It will not include evaluative material of matters such as possible defenses and legal strategies or other attorney work product. The United States is authorized to disclose any defendant's tax information in its file to co-defendants for use consistent with this Order.

3. The information in the United States' discovery file may only be used for the limited purpose of discovery and in connection with the above-captioned federal criminal case now pending against the defendant. The information provided in discovery shall not be disclosed to or used by any person other than that defendant and his or her counsel, and may not be used or disclosed in any proceeding not part of the pending criminal case. This paragraph does not prohibit the sharing of information by co-defendants in this federal criminal case between or among counsel who are subject to this Order. No information obtained through discovery shall be shared with other defendants or their counsel who are not subject to this Order except through motion pleading or the offer of trial and sentencing exhibits.

4. Grand jury testimony, Jencks Act statements and any transcription, summary, notes or dictation of discovery material will remain in the sole custody of the party's attorney or the agent working on behalf of the attorney and shall not be left with the defendant. The prohibition on leaving materials with the defendant shall not apply to items discoverable under Fed. R. Crim. P. 16, specifically, the defendant's statements, the defendant's criminal record, and to the extent they are intended for use by the government as evidence in chief at trial, copies of documents, tangible objects, and reports of examinations and tests. The defense shall not photocopy or reproduce grand jury transcripts, Jencks Act statements or exhibits. If the attorney for the defendant is subsequently allowed to withdraw from this case, and a new attorney is appointed or retained, upon agreement by the United States Attorney's Office, the withdrawing attorney

may provide copies of transcriptions, summaries, notes or dictations of discovery material to the new attorney. The new attorney, however, shall be subject to the terms of this order.

5. Any summary, notes, transcripts or dictation of discovery material, including copies thereof, and copies of all discovery material, must be returned to the parties or certified as destroyed at the conclusion of the trial, sentencing or appeal, whichever is later.

6. Upon disclosure of the United States' discovery file, defendant shall immediately provide and shall be under a continuing obligation to provide disclosure of statements as defined in 18 U.S.C. § 3500(e)(1) & (2) and reciprocal discovery under Fed. R. Crim. P. 16(b) and 26.2.

7. Dictation of discovery materials is permissible, but duplication of materials by video, photography, copy machine, or computer scanner or other means may not be used unless the party providing the discovery specifically agrees to such method.

8. The United States' expanded discovery file generally satisfies its notice obligations pursuant to Fed. R. Crim. P. 12(b)(4) and Fed. R. Evid. 404(b) and 609(b). If the defendant identifies specific evidence in the expanded discovery file, however, and asks the United States whether it intends to introduce such evidence pursuant to Fed. R. Crim. P. 12(b)(4) or Fed. R. Evid. 404(b) and 609(b), the United States will specify whether it intends to use such evidence and if offered pursuant to Fed. R. Evid. 404(b), will identify the purpose for which it will be offered under the rule without further motion or order.

9. The parties will exchange a list of prospective witnesses and a list of prospective exhibits no later than five working days prior to trial. For witnesses for whom there existed no statements or reports that were subject to disclosure through discovery, the party listing the witness shall also note next to the witness's name on the list the general purpose of his or her expected testimony.
3

10. This ORDER imposes a continuing duty to disclose on all parties.

IT IS SO **ORDERED**.

DATED this 9th day of March, 2012.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA