# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL GOODALE,<br><br>Defendant. | Case No. CR12-3011<br><br>ORDER FOR PRETRIAL DETENTION |

On the 13th day of March, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Mark A. Tremmel. The Defendant appeared personally and was represented by his attorney, Mark R. Brown.

## I. RELEVANT FACTS AND PROCEEDINGS

On March 7, 2012, Defendant Michael Goodale was charged by Indictment (docket number 2) with aggravated sexual abuse (Counts 1 and 2), interstate transportation of a minor with intent to engage in criminal sexual activity (Counts 3 and 4), and accessing child pornography (Count 5). At the arraignment on March 9, 2012, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on May 7, 2012.

At the hearing, the Government proffered, without objection, the circumstances underlying the instant charge. Two 13-year-old males will testify at trial that Defendant engaged them in sex acts, beginning when they were age 7 or 8. According to the victims, the sex acts occurred in Iowa and Minnesota. Additionally, child pornography was found on Defendant's mother's laptop – a computer used by Defendant.

1

According to the pretrial services report, Defendant is 32 years old and is a lifelong resident of Mason City, Iowa. He is single, has never been married, and has no children. Prior to being incarcerated on state court charges stemming from the same incidents involved in the instant federal charges, Defendant lived with his parents in Mason City. Defendant has been unemployed since his incarceration on the state charges in September 2011.

Defendant told the pretrial services officer that he is generally in good physical health, although he suffers from partial hearing loss in both ears, Tourette's syndrome, and a learning disability. Defendant also reported that he was prescribed antidepressant medication in 2007. According to Defendant, he took the medication for about 30 days, but has not taken it since that time.

Defendant's criminal record, while not extensive, involves a single incident which was very serious in nature. On December 6, 2007, Defendant was charged and later convicted of neglect of a dependent person. Defendant was pulled over for speeding by a Cerro Gordo County Deputy Sheriff. As the deputy approached Defendant's vehicle, the Defendant accelerated away from the deputy. The deputy pursued Defendant at speeds up to 84 miles per hour. The deputy lost sight of Defendant's vehicle, and later discovered that it had crashed into the Winnebago River. Defendant and two passengers were able to escape from the vehicle, but a third passenger had to be rescued by a deputy. Defendant and the other two passengers left the scene of the accident. All three of the passengers were dependant adults under Defendant's care through Opportunity Village in Mason City, Defendant's employer at that time. Defendant was given a 10-year suspended prison term, and 5 years probation. He was discharged from probation on March 21, 2011.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984,

while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

3

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with two counts of aggravated sexual abuse, two counts of interstate transportation of a minor with intent to engage in criminal sexual activity, and accessing child pornography. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(A).

Regarding the second step, pursuant to § 3142(e)(3)(E), there is a rebuttable presumption in favor of detention. The evidence proffered by the Government includes two 13-year-old victims who will testify that Defendant engaged in sex acts with them, beginning when they were 7 or 8 years old. Child pornography was found a laptop owned by Defendant's mother, and used by Defendant. When the events that give rise to the instant federal charges occurred, Defendant was on probation for a serious incident involving eluding law enforcement and endangering the lives of three dependent adults under the care of Defendant. Thus, the Court is concerned that Defendant would not take supervision seriously. The Court is also concerned that Defendant may be a risk of flight based on the 30-year mandatory prison sentence if convicted of the instant charges, and considering that Defendant took off from law enforcement when he was pulled over for nothing more than speeding. Therefore, based on the serious nature and circumstances of the offense, Defendant's actions while on probation and in eluding law enforcement, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained

prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (March 9, 2012) to the filing of this Ruling (March 13, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 13th day of March, 2012.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA