# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL GOODALE,<br><br>Defendant. | No. 12-CR-3011-LRR<br><br>**ORDER** |

_____

## I. INTRODUCTION

The matter before the court is Defendant Michael Goodale's "Motion to Dismiss Counts 1 & 2" ("Motion to Dismiss") (docket no. 41).

## II. RELEVANT PROCEDURAL HISTORY

On March 7, 2012, the government filed a five-count Indictment (docket no. 2) against Defendant. Counts 1 and 2 of the Indictment charge Defendant with knowingly crossing a state line with the intent to engage in a sexual act with a person under the age of twelve years. Such offense is a violation of 18 U.S.C. § 2241(c). Counts 3 and 4 of the Indictment charge Defendant with knowingly transporting a person who had not attained the age of eighteen years across a state line with the intent that such person engage in criminal sexual activity. Such offense is a violation of 18 U.S.C. § 2423(a). Finally, Count 5 of the Indictment charges Defendant with knowingly accessing with intent to view visual depictions of minors engaged in sexually explicit conduct. Such offense is a violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2).

On May 25, 2012, Defendant filed the Motion to Dismiss. On June 4, 2012, the government filed a Resistance (docket no. 44). The Motion to Dismiss is fully submitted and ready for decision.

### III. ANALYSIS

In the Motion to Dismiss, Defendant argues that the court should dismiss Counts 1 and 2 because both M.R. and Z.G. were at or over the age of twelve years when Defendant allegedly transported them across a state line to engage in a sexual act. In its Memorandum in Support of its Resistance, the government argues that the court should deny the Motion to Dismiss "because the age of the victims when the offenses occurred is a[n] issue of fact to be decided by the jury." Memorandum in Support of Resistance (docket no. 44-1) at 3.

First, the court notes that the Motion to Dismiss is untimely. All nontrial-related motions, including motions under Federal Rule of Criminal Procedure 12(b), must be filed within twenty-eight days after the date of a defendant's first arraignment. *See* Criminal Trial Scheduling Order (docket no. 9) at 2 (citing LCrR 12.a). Second, even if the Motion to Dismiss were timely, Defendant cites no legal authority authorizing the court to dismiss Counts 1 and 2 before trial, and the court is unaware of any rule or statute authorizing it to do so. "There being no equivalent in criminal procedure to the motion for summary judgment that may be made in a civil case, *see* Fed. R. Civ. P. 56(c), the government has no duty to reveal all of its proof before trial." *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995); *see also United States v. Kowal*, 486 F. Supp. 2d 923, 934 (N.D. Iowa 2007) ("There is no federal criminal procedure . . . for a pre-trial determination of sufficiency of the evidence." (alteration in original) (quoting *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001)) (internal quotation marks omitted)). Thus, the court shall deny Defendant's Motion to Dismiss. Defendant, however, is free to renew his argument at the close of the government's evidence.

## IV.  CONCLUSION

In light of the foregoing, Defendant's "Motion to Dismiss Counts 1 & 2" (docket no. 41) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED** this 13th day of June, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA