# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL GOODALE,<br><br>　　　　　Defendant. | No. 12-CR-3011-LRR<br><br>**ORDER** |

_____

## *TABLE OF CONTENTS*

*I.*    *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.*   *RELEVANT PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . *2*

*III.*  *RELEVANT TRIAL EVIDENCE* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

    *A.*    *Victim M.R.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *B.*    *Victim Z.G.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    *C.*    *Laptop Computer* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
    *D.*    *Defendant's Jailhouse Statements* . . . . . . . . . . . . . . . . . . . . . . *7*

*IV.*  *MOTION FOR JUDGMENT OF ACQUITTAL* . . . . . . . . . . . . . . . . . . . *7*

    *A.*    *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
    *B.*    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
        *1.*    *Counts 1 and 2: Aggravated sexual abuse* . . . . . . . . . . . . . *8*
        *2.*    *Counts 3 and 4: Interstate transportation of a minor with*
                   *intent to engage in criminal sexual activity* . . . . . . . . *10*
        *3.*    *Count 5: Accessing with intent to view child pornography* . . . *11*
    *C.*    *Summary* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *13*

*V.*   *MOTION FOR NEW TRIAL* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *14*

    *A.*    *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *14*
    *B.*    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *15*
        *1.*    *Weight of the evidence* . . . . . . . . . . . . . . . . . . . . . . *15*
        *2.*    *Admission of evidence obtained from laptop computer* . . . . . *16*
        *3.*    *Admission of other acts evidence* . . . . . . . . . . . . . . . . . *17*

*C.* *Summary* ................................. *18*

**VI.** **CONCLUSION** ................................. *18*

## I. INTRODUCTION

The matter before the court is Defendant Michael Goodale's "Motion for New Trial" ("Motion") (docket no. 82).

## II. RELEVANT PROCEDURAL BACKGROUND

On March 7, 2012, the government filed a five-count Indictment (docket no. 2) against Defendant. Counts 1 and 2 charged Defendant with aggravated sexual abuse. Such offense is a violation of 18 U.S.C. § 2241(c). Counts 3 and 4 charged Defendant with interstate transportation of a minor with intent to engage in criminal sexual activity. Such offense is a violation of 18 U.S.C. § 2423(a). Finally, Count 5 charged Defendant with accessing with intent to view child pornography. Such offense is a violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2).

On July 2, 2012, a jury trial on Counts 1 through 5 of the Indictment commenced. On July 3, 2012, at the close of all of the evidence, Defendant moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. The court denied the motion and the case was submitted to the jury. On July 5, 2012, the jury returned guilty verdicts on Counts 1 through 5. *See* Jury Verdicts (docket no. 76). The jury made the specific finding that, as to Count 5, Government Exhibits 38 through 46 constitute child pornography; however, the jury found that Government Exhibit 47 does not constitute child pornography. *See id.* at 6.

On July 17, 2012, Defendant filed the Motion, which requests that the court reconsider its ruling on his oral Rule 29 motion[1] and, alternatively, requests that the court

---

[1] In its Memorandum in Support of the Resistance, the government notes that it is unclear whether Defendant is making a motion for a judgment of acquittal under Rule 29. *See* Memorandum in Support of Resistance (docket no. 84-1) at 8 n.2. The government

(continued…)

grant him a new trial pursuant to Federal Rule of Criminal Procedure 33. On July 27, 2012, the government filed a Resistance (docket no. 84) to the Motion. Defendant did not file a reply and the time for doing so has expired. *See* LR 7(g). Thus, the Motion is fully submitted and ready for decision.

### III. RELEVANT TRIAL EVIDENCE[2]

Viewed in the light most favorable to the government, the trial evidence is as follows:

### A. Victim M.R.

Victim M.R. was born on August 30, 1998. M.R.'s mother, Barbara Belcher, was in a relationship with Defendant's brother, Sherman Goodale. Through her relationship with Sherman Goodale, Belcher met and became friends with Defendant. When M.R. was in the fourth grade, he had behavioral problems. Defendant offered to "help out" and began to mentor M.R.

At trial, M.R. testified that he was eight years old when Defendant first sexually abused him. M.R. stated that, at the time, he and his mother lived in a house on Ninth Street in Mason City, Iowa. Defendant was at the house babysitting M.R. After dinner,

---

[1](…continued)

notes that the Motion is captioned as a "motion for new trial" and Defendant "does not provide argument supporting a motion for [a] judgment of acquittal." *Id*. Interestingly, however, Defendant does cite Rule 29(d) and "requests that if the [c]ourt re-visits and grants . . . [D]efendant's Rule 29 Motion-Request as made to the [c]ourt during trial, the [c]ourt also conditionally determine that the current Motion [f]or New Trial be reviewed and granted by the [c]ourt as well." Memorandum in Support of Motion (docket no. 82-1) at 2. Furthermore, Defendant confusingly requests that the court grant him a new trial on the basis that there is insufficient evidence to sustain the jury's guilty verdicts—which is the Rule 29 standard. The court agrees with the government that Defendant's Motion is not a model of clarity. Nevertheless, the court will assume that Defendant is making a motion for a judgment of acquittal.

[2] When relevant, the court relies on and discusses additional facts in conjunction with its analysis of the law.

M.R. went into his room. Defendant followed M.R. into the room, laid down next to him and engaged in inappropriate sexual conduct, including touching M.R.'s penis and kissing M.R.

The sexual abuse continued for approximately five to six years. At some point, Defendant began paying M.R. to perform sexual acts, including masturbation performed by M.R. on Defendant, masturbation performed by Defendant on M.R. and oral sex performed by M.R. on Defendant. Defendant paid M.R. both in cash and in gifts, such as Hot Wheels, food and video games. These sex acts took place in various hotels in Iowa and Minnesota. Belcher, M.R.'s mother, verified that Defendant took M.R. on various overnight trips, including trips to Minnesota. At trial, M.R. testified that, when Defendant took him to these hotels, M.R. expected to engage in sexual activity because they engaged in sexual activity during most of these trips.

When Defendant took M.R. to Minnesota, they stayed in various cities, including Rochester, Austin, Albert Lea and Bloomington. M.R. testified that his first trip to Minnesota with Defendant occurred approximately one year after the sexual abuse began in Iowa. At trial, M.R. did know how many times he went to Minnesota with Defendant, but he recalled two specific trips. The first trip occurred in the summer of 2010 before his birthday. During that trip, Defendant took M.R. to the Mall of America in Bloomington, Minnesota, and they stayed at a Marriott hotel. During this trip, M.R. performed masturbation on Defendant. The second trip took place sometime in 2011 and was also to the Mall of America. M.R. recalled staying at a Marriott hotel again and testified that, during this trip, he and Defendant engaged in sexual activity.

### *B. Victim Z.G.*

Victim Z.G. was born on August 26, 1998. Z.G. is Sherman Goodale's son and Defendant's nephew. M.R. and Z.G. are friends. In 2006, Z.G.'s mother and Sherman Goodale got divorced. Pursuant to the visitation schedule, Z.G. spent every other

weekend with his father. Z.G.'s mother testified that, generally, Sherman Goodale would pick Z.G. up on the weekends and Defendant would bring him back. Z.G.'s mother testified that she had no role in deciding where Z.G. was during his visits with his father.

At trial, Z.G. testified that he was seven years old when Defendant first sexually abused him. Z.G. did not specifically recall the first time. The sexual abuse continued for approximately six to seven years. At some point, Defendant began paying Z.G. to perform sexual acts, including masturbation performed by Z.G. on Defendant, masturbation performed by Defendant on Z.G. and oral sex performed by Defendant on Z.G. Defendant paid Z.G. both in cash and in gifts, such as video games. These sexual acts took place in various hotels in Iowa, including Clear Lake and Mason City, and in Minneosta, including in Rochester and Albert Lea. Z.G. testified that sexual touching took place between him and Defendant in Rochester and Albert Lea; however, Z.G. could not recall the first time Defendant took him to Minnesota to engage in sexual activity.

At trial, Z.G. testified that, at times, he would go to Minnesota with both M.R. and Defendant. During these trips, Z.G. witnessed Defendant and M.R. engaging in sexual activity, including masturbation performed by M.R. on Defendant and oral sex performed by M.R. on Defendant.

### C. *Laptop Computer*

On September 16, 2011, Defendant stayed the night at Belcher's house with M.R. and Z.G. Defendant brought his laptop computer. At some point during the evening, M.R. used the computer to access the internet to search for information pertaining to a video game called "Grand Theft Auto." When M.R. mistakenly typed "GA" into the search engine, "gay teen chat" auto-populated as a search suggestion. M.R. told his mother, Belcher, what he saw on the computer. In the early morning hours of September 17, 2011, Belcher and M.R. went to the Mason City Police Department. Belcher and M.R. brought the computer with them.

Law enforcement subsequently obtained a warrant to search Defendant's laptop computer. In December 2011, Debbie Fenton, a forensic examiner with the Federal Bureau of Investigation, examined the laptop computer. During the course of her examination, Fenton found images that appeared to be sexually explicit pictures of minors. At trial, the government introduced ten images of alleged child pornography—Government Exhibits 38 through 47.[3] Four of the images—Government Exhibits 38 through 41—contain the date the image was created, modified and accessed and the "path," which showed that the images were stored in the "temporary internet cache." As Fenton explained at trial, when a computer user views an image on the internet, the computer hard drive saves a copy of the image in the computer's "temporary internet cache." Fenton recovered four of the images—Government Exhibits 42 through 45—from the "thumb cache database files." Those images do not include date information. Fenton testified that a "thumb cache" is a Windows system file that is created when images and files are viewed with Windows Explorer. When a computer user saves an image on the computer and then accesses the image using Windows Explorer, a thumbnail of the image is saved in the "thumb cache." Fenton testified that, when she recovers an image from the "thumb cache," she cannot determine the date that the original image was created. Finally, two of the images—Government Exhibits 46 and 47—were recovered from "unallocated space" and do not contain date information. Fenton testified that, when a computer user deletes a file, the file is still maintained on the hard drive in "unallocated space." Once deleted, the file may still be recoverable, although it may not be complete.

Fenton also reviewed the "index.dat" file, which is the internet history file that is stored on a Windows system. Fenton's report, Government Exhibit 37, includes a portion

---

[3] The court notes that the jury found that Government Exhibit 47 does not constitute child pornography.

of the search history from February 2011 to September 2011. The search history includes searches for, among other phrases, "naked pedos," "young gay boys" and "naked boys."

### D. Defendant's Jailhouse Statements

Following his arrest, Defendant was housed at the Linn County Jail. While incarcerated, Defendant made phone calls from the jail to his mother in which he admitted that he had accessed child pornography on his laptop computer. Specifically, his mother told Defendant that police had seized the computer. When his mother asked him whether the "sex stuff" he had viewed on the computer involved adults or children, Defendant responded "both."

Defendant also made statements to fellow inmates at the Linn County Jail. At trial, I.C., a cooperating witness, testified that he was housed in the same cell block as Defendant from early March through the first week of April. While they were housed together, Defendant told I.C. that he was in jail because he had sex with his nephew. Specifically, Defendant stated that he had performed various sexual acts with his nephew in hotels in Minnesota, including in Rochester, as well as at Defendant's brother's house and Defendant's mother's house. Defendant also told I.C. that he had child pornography on his computer. Defendant stated that he was charged with having child pornography on his computer but, at trial, his defense would be that the computer was in the custody of various people who could have downloaded the images.

Defendant also made statements to L.J., another cooperating witness. Defendant told L.J. that he had sex with his nephew in various hotels. Defendant specifically mentioned taking his nephew to Minnesota, including to the Mall of America.

### IV. MOTION FOR JUDGMENT OF ACQUITTAL

#### A. Legal Standard

Federal Rule of Criminal Procedure 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is

insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Such a motion is permitted after trial, in which case the court may set aside the verdict and enter a judgment of acquittal. *Id.* at 29(c). It is well-settled that jury verdicts are not lightly overturned. *See, e.g.*, *United States v. Peneaux*, 432 F.3d 882, 890 (8th Cir. 2005); *United States v. Stroh*, 176 F.3d 439, 440 (8th Cir. 1999). The court must view the evidence in the light most favorable to the government and give the government the benefit of all reasonable inferences. *United States v. Peters*, 462 F.3d 953, 957 (8th Cir. 2006). The court must uphold the jury's verdict so long as a reasonable-minded jury could have found the defendant guilty beyond a reasonable doubt. *Id.* Moreover, the court "must uphold the jury's verdict even where the evidence 'rationally supports two conflicting hypotheses' of guilt and innocence." *Id.* (quoting *United States v. Serrano-Lopez*, 366 F.3d 628, 634 (8th Cir. 2004)). It is not the province of the court to evaluate the credibility of witnesses—that task is for the jury. *United States v. Hayes*, 391 F.3d 958, 961 (8th Cir. 2004).

## B. Analysis

In his Memorandum in Support of the Motion, Defendant argues that there is insufficient evidence to support the jury's guilty verdicts as to: (1) Counts 1 and 2, which charged Defendant with aggravated sexual abuse; (2) Counts 3 and 4, which charged Defendant with interstate transportation of a minor with intent to engage in criminal sexual activity; and (3) Count 5, which charged Defendant with accessing with intent to view child pornography.

### 1. Counts 1 and 2: Aggravated sexual abuse

Defendant argues that "[t]he entire record appears to be silent regarding the alleged counts of aggravated sexual abuse and the government proving that either child was under the age of 12 upon the alleged acts occurring." Memorandum in Support of Motion at 3. Defendant also notes that there is no allegation that he ever threatened the victims. In response, the government argues that M.R. testified regarding trips to Minnesota that

occurred before he turned twelve. The government concedes, however, that Z.G. could not recall any dates or provide any time reference for his trips to Minnesota with Defendant.

Under 18 U.S.C. § 2241(c), "[w]hoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years" is guilty of aggravated sexual abuse. 18 U.S.C. § 2241(c). The use of force is not required. *See United States v. Gabe*, 237 F.3d 954, 961 (8th Cir. 2001) (noting that force is not an element under 18 U.S.C. § 2241(c)). After reviewing the trial evidence, the court finds that there is sufficient evidence to sustain the jury's guilty verdict as to Count 1; however, the court finds that the government presented insufficient evidence as to Count 2.

Count 1 of the Indictment relates to M.R. M.R. testified that Defendant first sexually abused him when he was eight years old. M.R. further testified that, approximately one year after the first instance of sexual abuse, Defendant took him to Minnesota where they engaged in sexual activity. M.R. testified that he and Defendant often engaged in sexual activity while staying at hotels and that M.R. expected to engage in sexual activity when traveling with Defendant. At trial, M.R. recounted a specific trip he took with Defendant to the Mall of America in Minnesota during the summer of 2010. M.R. recalled that the trip took place before he turned twelve years old in August of that year. Based on its review of the evidence, the court finds that there is sufficient evidence to sustain the jury's guilty verdict as to Count 1. *See id.* ("[A] victim's testimony alone is sufficient to persuade a reasonable jury of the defendant's guilt beyond a reasonable doubt." (citing *United States v. Wright*, 119 F.3d 630, 633-34 (8th Cir. 1997))). Thus, the court shall deny the Motion to the extent it seeks a judgment of acquittal on Count 1.

Count 2 of the Indictment relates to Z.G. Z.G. testified that Defendant first sexually abused him when he was seven years old. Z.G. further testified that Defendant took him on trips to Minnesota, including to Albert Lea and Rochester, where they

9

engaged in sexual activity. However, Z.G. did not remember the specific dates of the trips. Unlike M.R., who testified that Defendant took him to Minnesota approximately one year after Defendant first sexually abused him in Iowa, Z.G. could not recall the first time that Defendant took him to Minnesota. In its Memorandum in Support of the Resistance, the government contends that hotel receipts corroborate the victims' testimony that Defendant took them on trips to Minnesota. Four of those hotel receipts document trips prior to August 2010—before both M.R. and Z.G. turned twelve years old. *See* Government Exhibit 12 (docket no. 73-12) (receipt for hotel in Albert Lea, Minnesota, showing check-in date of June 12, 2010); Government Exhibit 13 (docket no. 73-13) (receipt for hotel in Austin, Minnesota, showing check-in date of June 16, 2009); Government Exhibit 15 (docket no. 73-15) (receipt for hotel in Rochester, Minnesota, showing check-in date of May 22, 2010); Government Exhibit 16 (docket no. 73-16) (receipt for hotel in Rochester, Minnesota, showing check-in date of May 9, 2009). Although these hotel receipts indicate that Defendant checked in with a child, the receipts do not identify the child. Thus, the receipts could be evidence of trips Defendant took with M.R. In sum, the court finds that there is insufficient evidence that any of Defendant's trips with Z.G. took place prior to Z.G. "attain[ing] the age of 12 years," 18 U.S.C. § 2241(c). Accordingly, the court shall grant the Motion to the extent it seeks a judgment of acquittal on Count 2.

**2.      *Counts 3 and 4: Interstate transportation of a minor with intent to engage in criminal sexual activity***

A person violates 18 U.S.C. § 2423(a) if the person "knowingly transports an individual who has not attained the age of 18 years in interstate . . . commerce . . . , with intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2423(a). The use of force is not required. *See id.*

Based on the facts described above, the court finds that there is sufficient evidence that Defendant transported both M.R. and Z.G. to Minnesota with the intent to engage in sexual activity that would be illegal under the laws of the State of Minnesota. Unlike Counts 1 and 2, the government was not required to prove that M.R. and Z.G. were under the age of twelve at the time of the trips; rather, 18 U.S.C. § 2423(a) requires only that the victims be under the age of eighteen years. Because both M.R. and Z.G. were born in 1998, neither of them has yet reached the age of eighteen years. Both M.R. and Z.G. testified that Defendant took them on trips to Minnesota where they engaged in sexual activity. Furthermore, there was significant evidence that corroborated the victims' testimony. Belcher, M.R.'s mother, confirmed that M.R. often took trips with Defendant, including trips to Minnesota. Hotel receipts verified that Defendant traveled to Minnesota and several of the receipts indicated that he was accompanied by a child. *See* Government Exhibits 9 through 16 (docket nos. 73-9 through 73-16). Text messages between Defendant and M.R. referenced trips to Albert Lea and the "Mega Mall." Government Exhibit 8 (docket no. 73-8) at 1. Finally, two cooperating witnesses, I.C. and L.J., testified that Defendant admitted to "having sex" with his nephew, Z.G., in Minnesota. Thus, the court finds that there is sufficient evidence to sustain the jury's guilty verdicts as to Counts 3 and 4 and shall deny the Motion to the extent it seeks a judgment of acquittal on those counts.

### 3. *Count 5: Accessing with intent to view child pornography*

A person violates 18 U.S.C. § 2252A(a)(5)(B) if the person:

> knowingly accesses with intent to view . . . any . . . material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer . . . .

18 U.S.C. § 2252A(a)(5)(B).

In the Motion, Defendant raises three arguments regarding the sufficiency of the evidence on Count 5. First, Defendant argues that several of the images "did not contain accurate dates or times per review-receipt by the government's own expert." Memorandum in Support of Motion at 2. Second, Defendant argues that, for those images that are dated, the image-viewed date does not match the dates for any hotel receipts. Finally, Defendant suggests that other individuals had access to the computer, and, thus, there is insufficient evidence that Defendant was the person who accessed child pornography on the computer.

In its Memorandum in Support of the Resistance, the government first argues that, although some of the images are undated, the forensic examiner testified that "examiners often [cannot] recover date information for deleted files" and "[o]ne of the cooperating witnesses testified that [D]efendant had admitted to deleting child pornography images from the computer before law enforcement had seized it." Memorandum in Support of Resistance at 5. The government also points to the internet search history from the computer, which included "searches for 'naked boy pedos' and 'nude preteen boys.'" *Id.* at 6. Next, the government argues that it was not required to prove that Defendant accessed child pornography in a hotel room with the victims present; thus, it is of no consequence that the image-viewed dates do not match hotel receipt dates. Finally, the government notes that, during a phone call with his mother following his arrest, Defendant admitted that there was child pornography on the computer.

Regarding Defendant's first argument, the court finds that, although Government Exhibits 42 through 46 do not contain date information, a reasonable jury could find beyond a reasonable doubt that Defendant accessed those images within a reasonable time of the dates alleged in the Indictment. First, the court notes that four of the images, Government Exhibits 38 through 41, contain date information and those dates are within

the time frame specified in the Indictment. A reasonable jury could conclude that Defendant accessed the other images for which no date information is available during the same time period. Furthermore, Government Exhibit 37 is a report showing a selected portion of the internet search history obtained from Defendant's laptop computer. The report lists searches that occurred between February 2011 and September 2011, which is the same time period alleged in Count 5 of the Indictment. During that time period, searches on Defendant's computer included searches for "naked pedos," "young gay boys" and "naked boys." A reasonable jury could conclude that Government Exhibits 42 through 46 were the results of such searches.

Next, Defendant argues that the image-viewed dates and the hotel receipt dates do not "match." Memorandum in Support of Motion at 3. Defendant's argument is without merit. As the government notes, it was not required to prove at trial that the victims were present at the time Defendant accessed the images constituting child pornography. *See* 18 U.S.C. § 2252A(a)(5)(B).

Finally, the court finds that there is sufficient evidence that Defendant was the individual who accessed the visual depictions of child pornography on the computer. Following his arrest, Defendant admitted to a fellow inmate and his mother that he had child pornography on his computer. Thus, the court finds that there is sufficient evidence to support the jury's guilty verdict as to Count 5. Accordingly, the court shall deny the Motion to the extent it seeks a judgment of acquittal on Count 5.

### C. Summary

For the foregoing reasons, the court finds that there is sufficient evidence to support the jury's guilty verdicts as to Count 1 and Counts 3 through 5. However, the court finds that there is insufficient evidence to support the jury's guilty verdict as to Count 2. Accordingly, the court shall grant in part and deny in part the Motion to the extent it seeks a judgment of acquittal on all counts.

## V.  MOTION FOR NEW TRIAL

### A.  Legal Standard

Federal Rule of Criminal Procedure 33 provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  A district court is granted broad discretion in considering a motion for a new trial.  *Peters*, 462 F.3d at 957.  A district court may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict."  *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (quoting *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992)) (internal quotation mark omitted).  However, the court "should grant a new trial only if 'the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred.'"  *Peters*, 462 F.3d at 957 (quoting *United States v. Rodriguez*, 812 F.2d 414, 417 (8th Cir. 1987)).

A district court enjoys more latitude in granting new trials under Rule 33 than in granting motions for judgment of acquittal under Rule 29; however, "[m]otions for new trials based on the weight of the evidence are generally disfavored."  *Campos*, 306 F.3d at 579.  District courts "must exercise the Rule 33 authority 'sparingly and with caution.'"  *Id.* (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).  The court's standard of review differs from the standard that is applied to a motion for judgment of acquittal.

> When a motion for new trial is made on the ground that the verdict is contrary to the weight of the evidence, the issues are far different from those raised by a motion for judgment of acquittal.  The question is not whether the defendant should be acquitted outright, but only whether he should have a new trial.  The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses.  If the court concludes that, despite the abstract sufficiency of

the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

*Lincoln*, 630 F.2d at 1319; *see also Johnson*, 474 F.3d at 1050-51 (reiterating applicable standard).

## B. *Analysis*

Defendant raises three arguments in support of his request for a new trial. First, Defendant argues that the weight of the evidence necessitates a new trial on all of the counts. Second, Defendant argues that the court erred by admitting evidence obtained from his laptop computer. Finally, Defendant argues that the court erred by admitting evidence that Defendant sexually abused M.R. and Z.G. in the State of Iowa.

### 1. *Weight of the evidence*

Defendant argues that the weight of the evidence is contrary to the verdicts on all counts. Specifically, Defendant argues that each victim's testimony was inconsistent with the other's testimony and the cooperating witnesses' testimony was inconsistent with the victims' testimony. Defendant also notes that each victim waited years before reporting the alleged abuse, despite the "vast avenues that each child would have had . . . to report." Memorandum in Support of Motion at 3.

For the same reasons discussed with respect to the Defendant's motion for a judgment of acquittal, the court finds that the evidence as to Count 1 and Counts 3 through 5 did not "preponderate[] sufficiently heavily against the verdict[s]." *Lincoln*, 630 F.2d at 1319. The government presented overwhelming evidence of Defendant's guilt on those counts and no miscarriage of justice occurred. Accordingly, the court shall deny the Motion to the extent it seeks a new trial on Count 1 and Counts 3 through 5 based on the weight of the evidence.

The court has already determined that there is insufficient evidence to sustain the jury's guilty verdict as to Count 2. Under Rule 29(d), "[i]f the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed. The court must specify the reasons for that determination." Fed. R. Crim. P. 29(d). In the event that the Eighth Circuit Court of Appeals reverses the court's ruling that there is insufficient evidence to sustain the jury's guilty verdict as to Count 2, the court finds that the jury's verdict as to Count 2 is "contrary to the weight of the evidence," *Lincoln*, 630 F.2d at 1319, thus necessitating a new trial on that count. Accordingly, the court shall conditionally grant the Motion to the extent it seeks a new trial on Count 2 based on the weight of the evidence.

### 2. *Admission of evidence obtained from laptop computer*

Next, Defendant argues that he is entitled to a new trial because the court erred by admitting evidence that law enforcement obtained in violation of the Fourth Amendment. Specifically, Defendant contends that law enforcement conducted a warrantless search of his laptop computer and, thus, the court should have excluded any evidence obtained from Defendant's computer. Defendant also notes that "[o]thers had custody and control of said computer, pre-arrest of . . . [D]efendant." Memorandum in Support of Motion at 2.

The court previously addressed Defendant's Fourth Amendment argument. *See* May 31, 2012 Order (docket no. 43) (adopting the Report and Recommendation (docket no. 28), which recommended that the court deny Defendant's Motion to Suppress (docket no. 16)). Defendant offers no new argument in the instant Motion. To the extent Defendant is arguing that the court should have excluded evidence obtained from the computer because other individuals had access to the computer, Defendant cites no authority in support of his argument and, as previously discussed, a reasonable jury could conclude that Defendant was the person who accessed child pornography on the computer.

Accordingly, the court finds that Defendant's arguments are without merit, and the court shall deny the Motion to the extent it seeks a new trial on this ground.

### 3. *Admission of other acts evidence*

Finally, Defendant argues that the court erred in admitting evidence of uncharged acts—specifically, that Defendant sexually abused M.R. and Z.G. in the State of Iowa. Defendant contends that "[i]t's possible that the weight of the Iowa information or hotel receipts may have confused the jury regarding charges alleged in the [I]ndictment." Memorandum in Support of Motion at 2. Although Defendant does not specifically reference Federal Rule of Evidence 403, it appears that Defendant is arguing that the court should have excluded evidence relating to any instances of sexual abuse in Iowa under such Rule. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice[ or] confusing the issues . . . .").

For the reasons set forth in the government's Memorandum in Support of the Resistance, the court finds that Defendant's argument is unavailing. On July 2, 2012, prior to the presentation of evidence, the parties raised this issue before the court. At that time, the court determined that evidence that Defendant sexually abused M.R. and Z.G. in Iowa was admissible. Nothing Defendant argues in the instant Motion leads the court to reconsider its previous ruling. Evidence that Defendant sexually abused each victim in Iowa is highly probative. Each victim testified that the abuse began in Iowa and, over the course of several years, Defendant took each victim to various hotels in Iowa and Minnesota where Defendant engaged in sexual activity with them. The evidence regarding the sexual abuse in Iowa provided the context for the abuse in Minnesota by explaining the relationship between Defendant and each victim and explaining the expectations that Defendant and each victim had during the trips to Minnesota. The court finds that the probative value of such evidence is not substantially outweighed by a danger of unfair

prejudice or confusion of the issues, *see* Fed. R. Evid. 403, and Defendant's bare allegation that such evidence may have "confused the jury," Memorandum in Support of Motion at 2, is insufficient to warrant a new trial.

### C.  Summary

Thus, the court finds that the interests of justice do not require the court to grant Defendant a new trial on Count 1 and Counts 3 through 5, and, accordingly, the court shall deny the Motion to the extent it seeks a new trial on those counts.  Pursuant to Rule 29(d), the court conditionally grants Defendant's Motion insofar as it requests a new trial on Count 2.

### VI.  CONCLUSION

In light of the foregoing, the court **HEREBY ORDERS**:

(1) Defendant's Motion for New Trial (docket no. 82) is **GRANTED IN PART** and **DENIED IN PART**.

(2) Count 2 of the Indictment is **DIRECTED OUT**.

(3) In the event that the Eighth Circuit Court of Appeals reverses the court's ruling as to Count 2, the court grants Defendant's Motion for New Trial as to that count pursuant to Federal Rule of Criminal Procedure 29(d).

**IT IS SO ORDERED**.

**DATED** this 24th day of September, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA